UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN THOMAS TUER, #724339,

        Plaintiff,

v.                                                                  CASE NO. 5:14-CV-13698
                                                                    HONORABLE JOHN CORBETT O'MEARA

MICHIGAN PAROLE BOARD, et al.,

        Defendants.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

**I.      Introduction**

The Court has before it Plaintiff Brian Thomas Tuer's pro se civil rights complaint brought

pursuant to 42 U.S.C. § 1983.  Plaintiff is a state prisoner currently confined at the St. Louis

Correctional Facility in St. Louis, Michigan.  He has been granted leave to proceed without prepayment

of the filing fee for this civil rights action.  *See* 28 U.S.C. § 1915(a).  In his complaint, Plaintiff

challenges his parole proceedings claiming that the Michigan Parole Board violated his due process

rights by failing to interview him before issuing a parole decision and by relying upon inaccurate

information in denying him parole.  He names the Michigan Parole Board, two parole board members,

and the parole board chairperson as the defendants in this action.  He seeks declaratory, injunctive, and

other appropriate relief.  For the reasons stated herein, the Court summarily dismisses the complaint

and concludes that an appeal cannot be taken in good faith.

**II.     Discussion**

Under the Prison Litigation Reform Act ("PLRA"), the Court is required to sua sponte dismiss

an in forma pauperis complaint before service on a defendant if it determines that the action is frivolous

or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. § 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, or employees if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

A pro se civil rights complaint is construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Nonetheless, Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). While this notice pleading standard does not require "detailed" factual allegations, it requires more than the bare assertion of legal principles or conclusions. *Twombly*, 550 U.S. at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

To state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).

Additionally, a plaintiff must allege that the deprivation of rights was intentional, not merely negligent. *Davidson v. Cannon*, 474 U.S. 344, 348 (1986); *Daniels v. Williams*, 474 U.S. 327, 333-36 (1986).

Petitioner's parole interview and inaccurate information claims allege a violation of the Due Process Clause of the Fourteenth Amendment. The Fourteenth Amendment provides in part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. The Fourteenth Amendment protects "the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974).

The United States Supreme Court has definitively held that there is no right under the United States Constitution for a lawfully convicted person to be conditionally released before the expiration of a valid sentence. *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S. 1, 7 (1979); *see also Kentucky Dep't. of Corr. v. Thompson*, 490 U.S. 454, 460 (1989). Simply stated, there is no federal constitutional right to parole. *Gavin v. Wells*, 914 F.2d 97, 98 (6th Cir. 1990); *see also Michael v. Ghee*, 498 F.3d 372, 377-78 (6th Cir. 2007) (quoting *Swihart v. Wilkinson*, 209 F. App'x 456, 458-59 (6th Cir. 2006)).

While there is no federal constitutional right to parole, a convicted person may have a liberty interest in parole created by a State's laws, which is subject to constitutional protection. *Thompson*, 490 U.S. at 460 (citing *Hewitt v. Helms*, 459 U.S. 460, 466 (1983)). A state does not have a constitutional duty to establish a parole system, and the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Greenholtz,* 442 U.S. at 7, 11; *see also Board of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a protected liberty interest exists only if state law entitles a prisoner to release on parole.

Recognizing the "broad powers" of Michigan authorities to deny parole, the United States Court of Appeals for the Sixth Circuit has specifically held that Michigan law does not create a liberty interest

3

in parole.  *See Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc); *see also Crump v. Lafler*, 657 F.3d 393, 404 (6th Cir. 2011).  Courts within this district have followed suit and ruled that the State of Michigan has not established a liberty interest in parole.  *See, e.g., Juarez v. Renico*, 149 F. Supp. 2d 319, 322 (E.D. Mich. 2001).  The Michigan Supreme Court has also recognized that there is no liberty interest in parole in Michigan.  *See Glover v. Mich. Parole Bd.*, 460 Mich. 511, 596 N.W.2d 598, 603-04 (Mich. 1999).

Consequently, the failure to grant a Michigan prisoner a parole interview during the parole review process does not implicate federal due process.  *See Wershe v. Combs*, _ F.3d _, 2014 WL 3931387, *4-5 (6th Cir. Aug. 13, 2014) (affirming district court's dismissal of due process claim arising from Michigan Parole Board's actions in sending the prisoner an interview notice, but not conducting the interview nor explaining why it was not held, because the prisoner had no liberty interest in parole); *Irvin v. Michigan Parole Bd.*, 221 F.3d 1334 (table), 2000 WL 800029, *2 (6th Cir. 2000) (prisoner had no liberty interest in parole or parole interview such that he failed to state a claim for the violation of his procedural due process rights); *Neff v. Johnson*, 983 F.2d 1068 (table), 1993 WL 11880, *1 (6th Cir. Jan. 21, 1993) (no protected liberty interest in parole interview under Michigan law).  Similarly, any state denial of parole, even if erroneous or based upon inaccurate information, implicates no federal right.  *See Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006) (stating that "even if the Parole Board relied on inaccurate information to deny [the petitioner] parole, it did not violate any liberty interest protected by the United States Constitution" and affirming dismissal of similar claim); *Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. 2004) (ruling that a Michigan prisoner could not bring a § 1983 action to challenge information provided to, or considered by, the Parole Board).  Plaintiff thus fails to state a claim upon which relief may be granted under 42 U.S.C. § 1983 in his pleadings.  His civil rights complaint must therefore be dismissed.

4

**III.    Conclusion**

For the reasons stated, the Court concludes Plaintiff has failed to state a claim upon which relief may be granted in his pleadings.  Accordingly, the Court **DISMISSES WITH PREJUDICE** the civil rights complaint.  The Court also concludes that an appeal from this order cannot be taken in good faith. *See* 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

**IT IS SO ORDERED**.


s/John Corbett O'Meara
United States District Judge


Date:  October 14, 2014



I hereby certify that a copy of the foregoing document was served upon the parties of record on this date, October 14, 2014, using the ECF system and/or ordinary mail.


s/William Barkholz
Case Manager